**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STEPHEN CIOLINO,

                                    Plaintiff,

        v.

JAMES DZURENDA, et al.,

                                    Defendant.

Case No. 2:19-cv-0520-MMD-CLB

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING MOTION TO SEAL**

[ECF Nos. 36 & 40]

Before the Court is Plaintiff Stephen Ciolino's ("Ciolino") motion for appointment of counsel. (ECF No. 36.) Defendants opposed the motion, (ECF No. 39),[1] and Ciolino replied. (ECF No. 47.) In his motion, Ciolino argues he is unable to afford counsel, the issues in this matter are too complex, he was previously appointed counsel by this Court in this matter, and his medical issues continue to worsen. (ECF No. 36.)

Defendants opposed the motion stating that Ciolino is not entitled to Court-appointed counsel, has made no showing that he is likely to succeed on the merits of his claims, and has failed to demonstrate that he is unable to is able to articulate his claims case *pro se* in light of the complexity involved. (ECF No. 39.)

Ciolino reiterated his arguments in reply. (ECF No. 47.)

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.) While the decision to

---

[1]        Defendants also filed a motion to seal medical record exhibits attached to the opposition. (ECF No. 40.) No opposition was filed.

1   request counsel lies within the discretion of the district court, the court may exercise this

2   discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*,

3   935 F.2d 1015, 1017 (9th Cir. 1991).

4         A finding of "exceptional circumstances" requires the court to evaluate (1) the

5   plaintiff's likelihood of success on the merits and (2) the plaintiff's ability to articulate his

6   claims *pro se* considering the complexity of the legal issues involved.

7   *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted).   Neither

8   factor is dispositive, and both factors must be considered before a court decides. *Id.*

9   The difficulties every litigant faces when proceeding *pro se* does not qualify as an

10  exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir.

11  1990). While almost any *pro se* litigant would benefit from the assistance of competent

12  counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*,

13  113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate

14  his claims due to their complexity. *Id.*

15        Even assuming that Ciolino is likely to succeed on the merits of his case, the

16  Court finds that Ciolino has not established that exceptional circumstances exist in this

17  instance for the appointment of counsel.  Ciolino only makes conclusory assertions that

18  this case is complex. However, this case is limited to two Counts: 1) an Eighth

19  Amendment claim alleging deliberate indifference to serious medical need due to lack of

20  treatment for Hepatitis C ("HCV"), and 2) an ADA and RA claim for denial of benefits of

21  the prison medical services program because of his HCV disability. (ECF Nos. 9 & 17.)

22  These are not particularly complex. Moreover, Ciolino was greatly benefited by his prior

23  appointed counsel who completed extensive discovery in the action entitled, "In Re:

24  HCV Litigation, Case No. 3:19-CV-0577-MMD-CLB." These materials are available at

25  Ciolino's institution for his review and use and will greatly lessen the difficulty in litigating

26  this case. Ciolino only needs to send a kite requesting a review of these materials. In

27  addition, Ciolino has been granted time to conduct any further discovery he may

28  require. (ECF No. 45.)

1         Exceptional circumstances do not exist in this instance. Moreover, even though

2    Ciolino has indicated he suffers from PTSD, dyslexia, learning disorders, and a limited

3    education, he has demonstrated that he can articulate his claims to the Court. (*See*

4    ECF Nos. 7, 9, 21, & 24.) And while Ciolino contends that he has limited knowledge in

5    these types of proceedings, such lack of experience is not exceptional compared to

6    most prisoner civil rights cases.  Because Ciolino has not demonstrated exceptional

7    circumstances, the motion for appointment of counsel, (ECF No. 36), is **DENIED.**

8         For good cause appearing, Defendants' motion to seal medical records exhibits

9    attached to their opposition to motion for counsel, (ECF No. 40), is **GRANTED.**

11   **DATED**:   August 20, 2021

13   **UNITED STATES MAGISTRATE JUDGE**