UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHEN CIOLINO,<br><br>  Plaintiff,<br><br>v.<br><br>JAMES DZURENDA, *et al.*,<br><br>  Defendants. | Case No. 2:19-cv-0520-MMD-CLB<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, CIOLINO'S MOTION TO COMPEL DISCOVERY AND GRANTING MOTION TO EXTEND TIME**<br><br>[ECF Nos. 50, 51] |

Before the Court is Stephen Ciolino's ("Ciolino") motion to compel and a request for an extension of time to conduct discovery. (ECF Nos. 50, 51.)[1] Defendants opposed the motion, (ECF No. 52), and no reply was filed. Having considered the above documents, the motion to compel is granted, in part, and denied, in part. In addition, the motion for extension of time is granted.

**I.   BACKGROUND**

Ciolino is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at High Desert State Prison ("HDSP"). (*See* ECF No. 9.) Ciolino is proceeding in this case on Eighth Amendment deliberate indifference to serious medical needs, American Disability Act, and Rehabilitation Act claims for the delay in treating his Hepatitis C ("Hep-C"). (ECF No. 17.)

This case was stayed and consolidated, for the purposes of discovery only, with thirteen other similar cases concerning NDOC's policy and treatment protocols for inmates diagnosed with Hep-C. (ECF No. 10.) Pro bono counsel was appointed for this purpose. (ECF Nos. 14.) A master docket and case file were opened for the consolidated discovery and pretrial matters proceeded under the "In Re HCV Litigation" master case

---

[1]   Although ECF Nos. 50 and 51 are identical documents, the Court docketed these documents as two separate motions.

1   number 3:19-CV-0577-MMD-CLB ("HCV Litigation"). (ECF No. 13.)

2   Following the conclusion of discovery and settlement in the HCV Litigation, appointed counsel withdrew. (ECF No. 22.) The stay in the instant case was lifted, an answer was filed, and a scheduling order to complete any remaining discovery was issued. (ECF Nos. 31, 38, & 45.) Pursuant to the scheduling order, Ciolino was permitted to review any discovery obtained in the HCV Litigation. (ECF No. 45.) Any further discovery in this case was limited to Ciolino's "individual medical claims that were not the subject of any previous discovery conducted in the HCV Litigation." (*Id.*) Discovery closed on November 15, 2021. (ECF No. 45.)

On October 18, 2021, Ciolino filed the instant motion to compel and request for an extension of time arguing that he served requests for admissions to Dr. Michael Minev ("Minev") and Dr. Romeo Aranas ("Aranas") which were not answered. (ECF No. 50.) In addition, Ciolino asserts that he was not given adequate time to review his medical records and argues the responses to his requests for production numbers 9 and 10 are insufficient. (*Id.*) The motion to compel is supported by Ciolino's declaration certifying that he attempted to meet and confer in accordance with Fed. R. Civ. P. 37(a)(1), LR 26-6(c), and LR IA1-3(f) but received no response from Defendants. (ECF No. 50 at 2-5 & 22.)

Defendants filed an opposition contending the motion should be denied, primarily, based on technical failures by Ciolino. Specifically, Defendants argue the motion should be denied because Ciolino failed to: 1) meet and confer; 2) set forth the full text of the discovery originally sought and any response to it pursuant to LR 26-6(b); and 3) the discovery responses were mailed. (ECF No. 52.) Defendants state they never received the meet and confer letter from Ciolino and that the responses the requests for admissions were returned in the mail twice through no fault of their own. (*Id.*)

No reply was filed.

///

///

## II. LEGAL STANDARD

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The "scope of discovery" encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In analyzing proportionality, the Court must consider the need for the information sought based upon "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). However, the party moving for an order to compel discovery bears the initial burden of informing the court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why he believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-P, 2019 WL 4274010, at *1 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

Thereafter, the party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429

(9th Cir. 1975). The party resisting discovery "'must specifically detail the reasons why each request is irrelevant' [or otherwise objectionable,] and may not rely on boilerplate, generalized, conclusory, or speculative arguments." *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (quoting *Painters Joint Comm. v. Emp. Painters Trust Health & Welfare Fund*, No. 2:10-cv-1385 JCM (PAL), 2011 WL 4573349, at *5 (D. Nev. 2011). Arguments against discovery must be supported by specific examples and articulated reasoning. *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

### III.   DISCUSSION

#### A.   Local Rule 26-6(b)

First, Defendants argue Ciolino's motion should be denied because Ciolino failed to comply with Local Rule 26-6(b). This rule states that all motions to compel must set forth in full the text of the discovery originally sought and any response to it. LR 26-6(b). Defendants are technically correct that Ciolino failed to rewrite each request for admission in the body of his motion. However, Ciolino he did rewrite the substance of the two requests for production of documents that are issue in this case. (See ECF No. 50 at 4:1-4; 4:10-12.) Moreover, Ciolino did attach all of his discovery requests to the motion, including the two requests for production of documents and Defendant's responses. Although technically incorrect under the rule, the Court finds that Ciolino has provided the information required by the rule as by attaching the specific discovery requests as exhibits to the motion. Moreover, Ciolino is a pro se litigant. Although pro se litigants are required to the follow the rules, some leeway must be provided to them in litigation. Therefore, in this case, the Court will exercise its discretion and reach the merits of the motion.

#### B.   Failure to Meet and Confer

Ciolino's motion to compel is supported by his declaration certifying that he attempted to meet and confer in accordance with Fed. R. Civ. P. 37(a)(1), LR 26-6(c), and LR IA1-3(f) but received no response from Defendants. (ECF No. 50 at 2-5 & 22.)

Defendants claim they never received Ciolino's letter. However, Defendants acknowledge that based on the other mail issues in this case as fully stated below, it may well have been sent. Based on the evidence before it, the Court finds Ciolino, at minimum, attempted to properly meet and confer with Defendants and thus complied with the meet and confer requirements under the rules.

### B. Substantive Discovery Issues

Therefore, the Court will now consider the merits of Ciolino's motion starting with the issues surrounding the requests for admission and then addressing the sufficiency of Defendants' responses to Ciolino's Request for Production of Documents 9 and 10.

#### 1. Requests for Admissions

Ciolino sent requests for admission to Minev and Aranas, which include a certificate of mailing dated August 15, 2021. (ECF No. 50 at 11-20.) Ciolino asserts that he never received any response to these requests for admissions, and based on Defendants' failure to respond, any responses should be deemed waived. (ECF No. 50.) Defendants contend the requests for admission were not received until September 9, 2021. (ECF No. 52.) Defendants claim they mailed responses to Ciolino on September 28, 2021, however, the responses were returned in the mail by HDSP. (ECF No. 52-1, 52-2.) Almost two weeks later, Defendants then re-mailed the responses on October 12, 2021, which were again inexplicably returned in the mail by HDSP. (ECF No. 52-3, 52-4.) Defense counsel asserts he has now taken steps to ensure that HDSP does not return these documents again and has attached the responses to his motion. (ECF. No. 52.)

Under Rule 36(a) a matter is deemed admitted "unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "Once admitted, the matter 'is conclusively established unless the court on motion permits withdrawal or amendment of the admission' pursuant to Rule 36(b)." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir.

1  2007) (citing Fed. R. Civ. P. 36(b)). Here, there is no dispute that Defendants did not
2  provide their responses within the 30 days required by the Rules and there is no
3  evidence that Defendants sought or obtained an extension of time to provide these
4  responses after the 30-day deadline.
5        In fact, it is unclear why HDSP, a facility operated by NDOC, which is Defense
6  counsel's client, returned discovery responses in the mail - twice. It is also equally
7  unclear why Defense counsel did not immediately address this issue with HDSP after the
8  responses were returned *the first time* to ensure these responses were delivered to
9  Ciolino immediately. There is also no explanation as to why Defense counsel did not
10  contact Ciolino, by phone, to alert him to the mail issues and seek an extension of time,
11  to provide late responses to the requests for admission or alternatively file a motion. It
12  was, after all, Defendants' responsibility to timely respond to Ciolino's discovery requests
13  and when the responses could not be provided on time, it was also their responsibility to
14  either seek a stipulation from Ciolino to extend the time required to respond or to file a
15  motion. Neither occurred. Regardless of the reasons for Defendant's failure to respond,
16  the Court would be well within its discretion to deem the Requests for Admission as
17  admitted based on Defendants' failure to timely respond or obtain an extension of time
18  as required by the Rules.
19        However, at this point, Ciolino has now received all the responses to his discovery
20  requests. Moreover, as the Court grants an extension of time for discovery in this order,
21  there is no prejudice to Ciolino in receiving the responses late. As the Court gave
22  leniency to Ciolino over issues with the mail surrounding his meet and confer letter, the
23  Court will provide the same leniency to Defendants in this instance. Therefore, the Court
24  finds that the responses will not be waived as untimely, and no other sanctions will be
25  awarded.

         **2.    Responses to Request for Production 9 and 10**

27  Ciolino asks the Court to compel further answers to his requests for production of
28  documents numbers 9 and 10 which state as follows:

| Request No. 9 | Any logs, lists or other documentation reflecting grievances filed by any NDOC inmates from 2015 to date concerning treatment or denial of, for Hepatitis C. |
|---|---|
| Response | Objection. This request is in violation of Federal Rules of Civil Procedure (FRCP) 34(a) and it was served on "Defendants" and not served on any particular Defendant, which is improper. Objection. This request is overly broad and unduly burdensome as it is requesting all grievances filed by other inmates. Objection. This request call for the production of confidential information, since it would require the production of documents generated by and belonging to other inmates, which Plaintiff is not permitted to have pursuant to AR 568 and 569.<br><br>Notwithstanding these objections and without waiving [them], Plaintiff is requesting documents generated and belonging to other inmates, which are confidential and Plaintiff cannot possess, therefore, no documents will be produced. |
| Request No. 10 | Any complaints (state and federal) for failure to treat patients with Hepatitis C since 2015. |
| Response | Objection. This request is in violation of Federal Rules of Civil Procedure (FRCP) 34(a) and it was served on "Defendants" and not served on any particular Defendant, which is improper. Objection. This request is overly broad and unduly burdensome as it is requesting documents for a period of 5 years. Objection. This request is improper. Defendants are not required to provide Plaintiff with legal research. Plaintiff has access to the Law Library and can request this information or assistance through [a] proper written request to the Law Library.<br><br>Notwithstanding these objections and without waiving [them], Plaintiff can obtain the information request by putting in the proper written request to the Law Library. |

As a starting point, when moving to compel discovery, the moving party has the burden of demonstrating relevance. *See* Fed. R. Civ. Pro. 26(b)(1). Although the standard for relevance is not very demanding, relevancy does require that "[t]he evidence ... logically advance a material aspect of the party's case." *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (*citing* Cooper v. Brown, 510 F.3d 870, 942 (9th Cir.2007); *see also* Fed. R. Evid. 401 (evidence is relevant if (a) it has any

1  tendency to make a fact more or less probable than it would be without the evidence;
2  and (b) the fact is of consequence in determining the action).

3  As to request number 9, Ciolino argues these records are relevant and may
4  support his ADA claim as it will show that Defendants denied adequate medical care to
5  him and others like him with Hep-C. (ECF No. 50 at 7-9.) Defendants' opposition does
6  not address or respond to Ciolino's arguments related to this issue. However, to prove
7  his ADA claim, Ciolino must establish four elements: (1) he is an individual with a
8  disability; (2) he is otherwise qualified to participate in or receive the benefit of some
9  public entity's services, programs, or activities; (3) he was either excluded from
10 participation in or denied the benefits of the public entity's services, programs, or
11 activities, or was otherwise discriminated against by the public entity; and (4) such
12 exclusion, denial of benefits, or discrimination was because of the plaintiff's disability.
13 *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

14 In reviewing request 9, the Court finds that these records are not relevant to
15 request 9. Grievances filed by other inmates related to Hep-C treatment do not have any
16 tendency to make any of the elements of Ciolino's ADA claim more or less probable. For
17 example, grievances filed by other inmates related to their personal Hep-C treatment
18 would not help to establish Ciolino is a person with a disability, or that he is qualified to
19 receive a benefit from the NDOC. This evidence also would not help establish that
20 Ciolino was excluded from receiving any benefits he may have been entitled to or
21 whether that exclusion was based on Ciolino's alleged disability. These elements are all
22 specific to Ciolino and his specific condition and treatment. By contrast, the evidence
23 requested by in request 9 relate exclusively to other inmates. Therefore, Ciolino has
24 failed to meet his burden to establish that these records are relevant to his ADA claim.

25 As to request 10, Ciolino requests all "complaints" – which appears to be
26 complaints filed in a state and federal courts related to Hep-C since 2015. Ciolino claims
27 that Defendants should provide this information to him because he has not been
28 permitted law library access for 20 months due to COVID-19 protocols. (ECF No. 5- at

3.) It appears that Ciolino is requesting Defendants to conduct, and then to provide, legal research for him of other cases involving Hep-C treatment. This is not a proper request under the Rules. Pursuant to Federal Rule of Civil Procedure 34, a "party may serve on any other party a request within the scope of Rule 26(b)" for production of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). Legal research or complaints publicly filed in state and federal court are not within the scope of Rule 34.

### C. Medical Records Review

Ciolino claims in his motion that he was granted an inadequate amount of time to review his medical records. (ECF No. 50.) Defendants were silent as to this issue in their opposition. Therefore, the Office of the Attorney General shall make arrangements for Ciolino to review his medical records for an additional two-hour period of time on or before **January 14, 2022**.

### D. Request for Extension of Time

Based upon the delay in receiving responses to this discovery, Ciolino requested an extension of time. (ECF No. 50.) Defendants were silent in their opposition on this issue. Therefore, the request for extension of time is **granted** as follows:

Discovery shall be completed no later than **January 14, 2022**;

Dispositive motions shall be filed no later than **February 15, 2022**; and

The joint pretrial order shall be filed no later than **March 15, 2022**.

### E. Sanctions

Discovery sanctions are not warranted in this instance and are **denied**.

///
///
///
///
///
///

**IV.     CONCLUSION**

**IT IS THEREFORE ORDERED** as follows:

1. Ciolino's motion to compel, (ECF No. 50), is **GRANTED in part** and **DENIED in part** as stated above.

2. Ciolino's motion for an extension of time (ECF No. 51), is **GRANTED** as stated above.

**DATED**: November 17, 2021

_____
**UNITED STATES MAGISTRATE JUDGE**