**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| STEPHEN CIOLINO, *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>JAMES DZURENDA, *et al.*, <br><br>Defendants. | Case No. 2:19-CV-0520-CLB <br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS** <br><br>[ECF No. 54] |

Before the Court is Plaintiff Stephen Ciolino's ("Ciolino") motion to compel discovery and for sanctions. (ECF No. 54). Defendants State of Nevada, Department of Corrections, Romeo Aranas, and Michael Minev (collectively referred to as "Defendants") opposed the motion, (ECF No. 56), and Ciolino replied. (ECF No. 57.) Having considered all the above, the motion is denied as stated below.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Ciolino is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at High Desert State Prison ("HDSP"). (*See* ECF No. 9.) Ciolino is proceeding in this case on Eighth Amendment deliberate indifference to serious medical needs, American Disability Act, and Rehabilitation Act claims for the delay in treating his hepatitis C ("HCV"). (*Id.*)

This case was stayed and consolidated, for the purposes of discovery only, with thirteen other similar cases concerning NDOC's policy and treatment protocols for inmates diagnosed with Hep-C. (ECF No. 10.) Pro bono counsel was appointed for this purpose. (ECF Nos. 14.) A master docket and case file were opened for the consolidated discovery and pretrial matters proceeded under the "In Re HCV Litigation" master case number 3:19-CV-0577-MMD-CLB ("HCV Litigation"). (ECF No. 13.)

Following the conclusion of discovery and settlement in the HCV Litigation,

1 appointed counsel withdrew. (ECF No. 22.) The stay in the instant case was lifted, an
2 answer was filed, and a scheduling order to complete any remaining discovery was
3 issued. (ECF Nos. 31, 38, & 45.) Pursuant to the scheduling order, Ciolino was permitted
4 to review any discovery obtained in the HCV Litigation. (ECF No. 45.) Any further
5 discovery in this case was limited to Ciolino's "individual medical claims that were not the
6 subject of any previous discovery conducted in the HCV Litigation." (*Id.*) Discovery was
7 set to close on November 15, 2021. (*Id.*)

8 Ciolino filed a previous motion to compel which was granted, in part, and denied,
9 in part. (ECF No. 53.) The bulk of the motion was denied, but the Court ordered that
10 Ciolino be granted an additional two-hour period to review his medical records. (*Id.*) The
11 Court further extended the discovery deadline to January 14, 2022. (*Id.*)

12 Ciolino's current motion to compel alleges that NDOC removed pertinent portions
13 of his medical file which have gone missing since his last review. (ECF No. 54.) Although
14 Ciolino claims he meet and conferred with defense counsel and attaches a letter dated
15 December 8, 2021. (*Id.*) Defendants claim Ciolino's motion should be denied as his letter
16 does not satisfy meet and confer requirements and he did not include a declaration
17 concerning the results of the conference. (ECF No. 56.) Defendants further state that
18 Ciolino failed to set forth in full the text of the discovery originally sought and any
19 response to it pursuant to LR 26-6(b). (*Id.*) Ciolino's reply focuses on the fact that he is
20 not allowed to keep his medical records in his cell. (ECF No. 57.)

21 **II.    LEGAL STANDARD**

22 "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett*
23 *v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The "scope of discovery" encompasses
24 "any nonprivileged matter that is relevant to any party's claim or defense and
25 proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In analyzing
26 proportionality, the Court must consider the need for the information sought based upon
27 "the importance of the issues at stake in the action, the amount in controversy, the
28 parties' relative access to relevant information, the parties' resources, the importance of

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevance is to be construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). However, the party moving for an order to compel discovery bears the initial burden of informing the court: (1) which discovery requests are the subject of the motion to compel; (2) which of the responses are disputed; (3) why he believes the response is deficient; (4) why defendants' objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *Harris v. Kernan*, No. 2:17-cv-0680-TLN-KJN-P, 2019 WL 4274010, at *1 (E.D. Cal. Sept. 10, 2019); *see also Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS-PC, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

Thereafter, the party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The party resisting discovery "'must specifically detail the reasons why each request is irrelevant' [or otherwise objectionable,] and may not rely on boilerplate, generalized, conclusory, or speculative arguments." *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013) (quoting *Painters Joint Comm. v. Emp. Painters Trust Health & Welfare Fund*, No. 2:10-cv-1385 JCM (PAL), 2011 WL 4573349, at *5 (D. Nev. 2011). Arguments against discovery must be supported by specific examples and articulated reasoning. *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

**III.    DISCUSSION**

**A. Local Rule 26-6(b)**

First, Defendants argue Ciolino's motion should be denied because Ciolino failed to comply with Local Rule 26-6(b). This rule states that all motions to compel must set forth in full the text of the discovery originally sought and any response to it. LR 26-6(b). Ciolino's motion concerns only the expanded review of his medical records and his claim that certain records are missing. Therefore, there are no certain requests for discovery or responses that Ciolino could rewrite in his motion. Ciolino is a *pro se* litigant. Although *pro se* litigants are required to the follow the rules, some leeway must be provided to them in litigation. Therefore, in this case, the Court will exercise its discretion and reach the merits of the motion.

**B. Failure to Meet and Confer**

Ciolino's motion to compel is supported by his declaration, however, Ciolino does *not* certify in the declaration that he attempted to meet and confer in accordance with Fed. R. Civ. P. 37(a)(1), LR 26-6(c), and LR IA1-3(f). However, Ciolino did attach a letter dated December 8, 2021 seeking a meet and confer and stating he discovered missing medical records. (ECF No. 54 at 3, 10.) It appears that a telephone conference between Ciolino and defense counsel did take place on December 29, 2021, and discovery issues were discussed. (ECF No. 56-1.) Based on the evidence before it, the Court finds Ciolino sufficiently complied with the meet and confer requirements under the rules such that reaching the merits of the motion is appropriate.

**C. Substantive Discovery Issues**

The Court now will turn to the merits of Ciolino's motion. The Court finds that Ciolino was permitted an additional two hours to review his medical records on December 3, 2021. (ECF No. 56 at 4, 56-2, 56-3). Ciolino's motion is predicated on his assertions that documents were either removed or are now missing from his medical file. However, the Court finds no evidence to support Ciolino's claim. In fact, Geraldine Worthy of HDSP observed Ciolino's review of the file and assured him the file was

1  complete. (ECF No. 56-3.)

2      Rather, it appears to the Court that Ciolino was previously provided with the documents in his medical file that he now claims are missing. (ECF No. 56-4, 56-5.) Moreover, defense counsel offered to send the same to Ciolino's case worker provided Ciolino would agree to waive confidentiality. (ECF No. 56-1.) As such, it does not appear that there anything for the Court to compel. Therefore, the Court denies Ciolino's motion. (ECF No. 54.)

### D. Sanctions

As the Court denies Ciolino's Motion to Compel, his request for sanctions is not warranted and is also denied.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Ciolino's motion to compel and for sanctions is **DENIED.** Discovery is closed in this case and dispositive motions are due on February 15, 2022.

**DATED**: January 25, 2022

_____
**UNITED STATES MAGISTRATE JUDGE**